IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNOLD F. HORTON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-1466 |
| | § | |
| DOUGLAS DRETKE | § | |
| | § | |
| Respondent. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Arnold F. Horton filed a petition for a writ of habeas corpus challenging a disciplinary proceeding in the Texas Department of Criminal Justice- Correctional Institutions Division (TDCJ-CID) where he was confined pursuant to state court felony convictions. The respondent has filed a Motion to Dismiss (Docket Entry No. 12) asserting that Horton's habeas petition must be dismissed as moot because he has been released from prison. Horton has not filed a response. After reviewing the pleadings and records, this court has determined that the Motion to Dismiss should be **GRANTED** and that this action should be **DISMISSED**.

**I. Procedural History**

At the time the habeas petition was filed, Horton was incarcerated pursuant to convictions for forgery by passing, credit card abuse - repeat offender, and burglary of a vehicle - repeat offender. Horton does not challenge the validity of the state court convictions. Instead, he argues that he was wrongly found guilty and punished at a prisoner disciplinary hearing. Horton was charged with extortion of money, operating an unauthorized business, and damaging or destroying property belonging to the State. *See* TDCJ-CID Disciplinary Hearing # 20040011634. Horton was

notified of the charges and a hearing was held on September 17, 2003.  After finding Horton guilty, the hearing officer assessed the following punishments: forty-five days of recreation and commissary restriction, a forfeiture of 730 days of good-time credit, and a demotion in time earning classification. Horton contends that the disciplinary charges were retaliatory and that he was charged twice in violation of the Double Jeopardy Clause.  He further alleges that he was denied due process and that the disciplinary proceedings were conducted in violation of TDCJ-CID rules.

## II. Motion to Dismiss - Petitioner Released

The respondent has filed a Motion to Dismiss and has submitted records  (Docket Entry No. 12, Exhibit B) indicating that Horton was released from TDCJ-CID on mandatory supervision.. Horton has not filed a response to the motion, and the petition will be dismissed as moot because Horton's challenges no longer have any legal basis.

Horton's forty-five days of commissary and recreation restriction did not implicate any due process concerns. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("[Thirty] day commissary and cell restrictions as punishment are in fact merely changes in the conditions of his confinement and do not implicate due process concerns."). Horton's complaints about his demotion are not actionable because a habeas petitioner can only challenge the results of a prisoner disciplinary action if it alters the duration of his confinement. *Sandin v. Conner*, 115 S.Ct. 2293, 2301 (1995); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

Horton has been released from prison and his challenge to the alleged wrongful forfeiture of his good-time credits is now immaterial because good-time credit is relevant only with regard to obtaining an early release from prison under parole or mandatory supervision.  TEX. GOV'T. CODE ANN. § 498.003 (a) (Vernon 2005).  Should Horton's conditional release be revoked, he would not

be entitled to restoration of good-time. TEX. GOV'T. CODE ANN. § 498.004(b) (Vernon 2005); *Hallmark v. Johnson*, 118 F.3d 1073 (5th Cir. 1997). The petition becomes moot if the court cannot grant the petitioner any effective relief. *See Vieux Carre Property Owners, Residents and Associates, Inc. v. Brown*, 948 F.2d 1436, 1445 (5th Cir. 1991). Horton has attacked only his confinement in TDCJ-CID subject to TDCJ-CID's disciplinary proceedings. He has since been released, so the entire petition is now moot. *Lane v. Williams*, 102 S.Ct. 1322, 1327 (1982).

Horton's federal petition for a writ of habeas corpus will be **DISMISSED** as moot. *See Gray v. Dretke*, 135 Fed.Appx. 711, No. 04-50191 (5th Cir. June 21, 2005) (not selected for publication), *citing Spencer v. Kemna*, 118 S.Ct. 978 (1993) (habeas appeal challenging loss of good time credits dismissed as moot due to petitioner's release on parole).

### III. Conclusion and Order

The court **ORDERS** the following:

1. The respondent's motions for extensions of time and to substitute counsel (Docket Entry Nos. 8, 10, and 11) are **GRANTED**.

2. The respondent's Motion to Dismiss (Docket Entry No. 12) is **GRANTED**.

3. This habeas action is **DISMISSED** as moot.

4. A certificate of appealability is **DENIED** for the reasons stated in this Memorandum Opinion and Order.

**SIGNED** on this 2nd day of February, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE